[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Kevin L. Knigga, appeals the trial court's order classifying him as a sexual predator. Knigga's classification as a sexual predator stemmed from his guilty plea to two counts of rape in March 1984. The trial court imposed concurrent sentences of 10 to 25 years in prison.
At a classification hearing on June 21, 2001, held before a different judge than the sentencing judge, Knigga was found to be a sexual predator and was ordered to register upon release from prison.[1] Knigga now raises two assignments of error.
In his first assignment of error, Knigga argues that the trial court's determination that he is a sexual predator is against the manifest weight of the evidence. In his second assignment of error, Knigga claims that the evidence adduced at the classification hearing was insufficient to establish by clear and convincing evidence that he is a sexual predator. Because the assignments are related, we discuss them together.
We begin our analysis by noting that sexual predator adjudications are reviewed under a civil standard where quantitative and qualitative distinctions between the sufficiency and the weight of the evidence are not recognized.[2] R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Before adjudicating an offender a sexual predator, the trial court must have clear and convincing evidence to establish that the offender meets the statutory definition.[3]
"Clear and convincing evidence is that measure of proof that produces a firm belief as to the allegations to be established."[4]
It is uncontested that Knigga pleaded guilty to raping a nine-year-old boy and a four-year-old girl, and that rape is a sexually-oriented offense. Therefore, the issue is whether the record contains evidence showing that Knigga is likely to commit another sexually-oriented offense in the future. Knigga contends that the trial court based its determination that he is likely to commit another sexually-oriented offense solely upon evidence that he had engaged in consensualhomosexual activity in prison, and that such evidence was insufficient for the trial court to classify him a sexual predator.
When determining whether an offender meets the statutory definition of a sexual predator, the trial court must consider the nonexclusive list of factors set forth in R.C. 2950.09(B)(2). These factors are (a) the offender's age; (b) the offender's prior criminal record; (c) the age of the victim; (d) the number of victims involved in the sexually-oriented offense; (e) the use of alcohol or drugs to impair the victim; (f) whether the offender participated in available programs for sex offenses; (g) the offender's mental illness or disability; (h) the nature of the sexual conduct in the underlying sexual offense; (i) whether the offender displayed cruelty; and (j) any additional behavioral characteristics of the offender. A trial court may determine that an offender is a sexual predator "even if only one or two statutory factors are present, so long as the totality of the relevant circumstances presents clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense."[5]
Our review of the record reveals that Knigga has failed to file a transcript of the sexual-predator hearing. Although Knigga discusses the testimony and evidence presented at the hearing, his arguments do not constitute part of the record below. App.R. 9(B) provides that an appellant who "intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, * * * shall include in the record a transcript of all evidence relevant to the findings or conclusion." When the transcript is omitted from the record, this court has nothing to pass upon, and thus, as to those assigned errors, we have no choice but to presume the validity of the lower court's proceedings.[6] Because Knigga has failed to provide a transcript of the sexual-predator hearing, we must presume that the trial court based its sexual-predator determination on clear and convincing evidence that Knigga is likely to reoffend. As a result, we overrule his first and second assignments of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Winkler, JJ.
[1] R.C. 2950.09(C) and 2950.04(A)(1).
[2] See State v. Hinton, 1st Dist. No. C-010046, 2001-Ohio-4026.
[3] R.C. 2950.09(B)(3).
[4] See State v. Eppinger, 91 Ohio St.3d 158, 2001-Ohio 247,743 N.E.2d 881.
[5] See State v. Wilkinson, 1st Dist. No. C-010229, 2002-Ohio 1032, at ¶ 26.
[6] See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,400 N.E.2d 384.